## NEW-YORK COMMON PLEAS.

DIBALD MILLEMAN and FREDERICK MILLEMAN agt. THE MAYOR, &c., OF THE CITY OF NEW-YORK.

On an application, by the comptroller of the city of New-York, to open *judgments* obtained against the city upon the alleged ground of collusion and fraud, under the statute of 1859, the court may, where the circumstances warrant it, refuse to grant the application under the statute, but allow it as an application of a *client* to be relieved from the result of the *gross negligence of his attorney.*

*New-York, Special Term, March,* 1860.
*Present, Hon.* HENRY HILTON, *Judge.*

THIS was an application on behalf of the comptroller to vacate and set aside a judgment for $13,974.58 obtained by

the plaintiffs, against the corporation, on the 26th of September, 1859. From the affidavit of the comptroller, and the other papers read on the motion, it appeared that the action was commenced on the 27th of October, 1858; that no answer was served by the then corporation counsel to the complaint in the action, until the 26th of September, 1859; that the action was brought by the plaintiffs as the assignees of one Thomas J. S. Blumenrother, who had made a contract with the defendants for paving, regulating, &c., Tenth avenue, from Forty-fifth to Fifty-fifth streets, the contract being dated May 13th, 1853. The complaint alleged that Blumenrother, at the time of making the contract, requested plaintiffs to become his sureties for the performance of the work under the contract, and to make advances to him to enable him to pay his workmen and furnish materials for the work, and agreed to assign to the plaintiffs the said contract, and the moneys to grow due thereunder from the defendants, and did execute an assignment to the plaintiffs thereof on the 16th of May, 1853; that the plaintiffs thereupon executed a bond to the defendants for the faithful performance of the work, under the contract, by Blumenrother. The complaint also alleged that the plaintiffs, during the performance of the work under the contract by Blumenrother, made advances to him amounting to $10,015.07; also alleged the completion of the work and confirmation of the contract by the common council, and demanded judgment for the said sum of $10,015.07, with interest from June 13th, 1854.

The answer of the defendants alleged that the contractor was prohibited from assigning the moneys to grow due under the contract, unless with the consent of the defendants, to be signified by the indorsement of the street commissioner on the contract; that no such consent had been given to the assignment to the plaintiffs, and that the defendants had no notice of the assignment. The answer also averred that Blumenrother did, by the consent of the defendants, signified as provided by said contract, duly assign all his interest therein of the moneys to grow due thereunder to Frederick Pentz, by

assignment, dated May 28th, 1853, which was filed in the office of the comptroller, and was in all respects legal and valid.   It also alleged that the defendants had paid to Pentz on account of said contract, and that there was nothing due to the plaintiffs thereunder.

It appears that the case was referred on August 16th, 1859, and that subsequently the referee made a report in favor of plaintiffs for the full amount claimed; but, by a certificate of the referee, it was shown that no attempt whatever was made by the counsel to the corporation to prove the assignment or the payment to Pentz on the trial, but confined himself solely to a cross-examination of the plaintiffs' witnesses.

The papers further showed that the assignments and payments to Pentz could have been easily proved by the street commissioner or his assistants, and that the corporation counsel had been put in full possession of the facts by a communication from the deputy street commissioner, in writing, long prior to the service of the answer or the trial of the action; that the corporation counsel appealed to the general term, but made no case, and took no steps to prosecute the appeal, and that subsequently the appeal was dismissed, and the judgment affirmed by the general term by default.

The application was made by the comptroller under the fifth section of the act of 1859, allowing him to move to set aside judgments against the city which were obtained by collusion, or founded in fraud; the present corporation counsel consenting, however, to the application.

The plaintiffs, by affidavits, denied all fraud or collusion in the matter, and insisted that their claim was a just and *bona fide* one, and that the judgment should not be disturbed.

A. R. LAWRENCE, JR., *for the motion.*
C. A. MAY *and* M. E. STEMLER, *opposed.*

The judge granted the motion to open the judgments; and, in doing so, stated that the application should be regarded as of a two-fold character: 1st, Either as an application for relief

under the statute of 1859; or, 2d, As a motion on the part of a client, to be relieved from the result of a gross negligence of his attorney. That, as all fraud was denied by the plaintiffs, and as there was no ground for any suspicion of fraud or collusion on the part of their attorney or their referee, he preferred to base his decision upon the latter ground, and would, therefore, allow the defendants to come in and defend on payment of costs.